# IN THE UNTIED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

DON WHITE,

    **Plaintiff,**

                              **No:**

TOWN OF HURLEY,

    **Defendants.**

## FIRST COMPLAINT

COMES NOW, Don White (hereafter "Plaintiff"), by and through his attorney Jim Foy of Jim Foy and Associates and for his causes of action state:

## PRELIMARY STATEMENT

This action seeks damages from the Town of Hurley for Retaliation, Age Discrimination, Failure to Provide a Reasonable Accommodation, and Disability Discrimination. This action seeks damages against the town of Hurley; damages include all compensatory and consequential damages, incidental damages, reliance damages, and punitive damages for breaches of claims under the American with Disabilities Act (ADA) and under the Age Discrimination in Employment Act (ADEA). Plaintiff also claims reasonable attorney's fees and asserts a claim against the Town of Hurley, and (individuals) for violating Plaintiff's constitutional rights to both substantive and procedural due process of law and his liberty interest in relation to how Plaintiff was terminated in violation of 42 USC 1983 and the First, Fifth, and Fourteenth Amendments to the United States Constitution. As to all defendants, Plaintiff claims damages, including compensatory and punitive. Plaintiff further claims costs and attorney's fees.

## PARTIES AND JURISDICTION

1. Plaintiff is a resident of Grant County, New Mexico.

2. The Town of Hurley is one of nineteen towns in New Mexico and is a political subdivision thereof represented by its duly elected Town Counsel.

3. The Hurley Police Department, which is operated by the Town of Hurley.

## FACTS

4. Plaintiff was an employee of the Hurley Municipality from March 11, 2014 through August 2015 as a patrolman and then sergeant for the Hurley Police Department. Plaintiff previously was employed with the Hurley Municipality from February 2010 through December 2012 as a patrolman for the Hurley Police Department.

5. On July 23, 2014, while off-duty Plaintiff was involved in a motorcycle accident where a third party tortfeasor ran him off the road. The accident resulted in numerous life threatening injuries including head and brain injuries, which demanded a lengthy stay in the hospital, rehabilitation, and numerous surgeries.

6. On September 11, 2014 Plaintiff's legal counsel, Jim Foy, wrote a letter to Chief Pete Ordonez of the Town of Hurley Police Department providing an update on Plaintiff's condition, rough estimate of recovery time, and a request for a year and a day of unpaid leave from work so Plaintiff could heal and could undergo surgery to have a permanent skullcap placed on the portion of his skull that was exposed and unprotected as an outcome of a life-saving surgery after his accident. (True and correct copy of the September 11, 2014 letter attached as exhibit A).

2

7. On October 22, 2014 Chief Pete Ordonez sent a letter to Plaintiff's legal counsel stating that the Town of Hurley Council unanimously approved of Plaintiff's request for a year and a day of unpaid leave at a council meeting held on October 14, 2014. The status of unpaid leave was granted under the existing employment leave policy and was retroactive as of August 2014 to run through August 8, 2015. (True and correct copy of the October 22, 2014 letter attached as exhibit B).

8. Plaintiff made significant progress through rehabilitation in his first year of recovery; however, Plaintiff's brain remained swollen to an extent that prevented him from undergoing the permanent skullcap surgery that was anticipated to clear him for return to work.

9. On August 3, 2015 Plaintiff's legal counsel wrote a letter to Chief Pete Ordonez of the Town of Hurley Police Department providing an update of Plaintiff's condition explaining that he was still waiting to be medically cleared for the permanent skullcap surgery. Plaintiff's legal counsel requested an additional six to nine months of unpaid leave in anticipation of the surgery and offered to provide any medical updates on Plaintiff's condition upon request. (True and correct copy of the August 3, 2015 letter attached as exhibit C).

10. On August 5, 2015 Chief Pete Ordonez of the Town of Hurley Police Department wrote a letter to Plaintiff's legal counsel stating that additional leave would not be considered and Plaintiff's failure to return to work after the year and one day period of unpaid leave is deemed a voluntary resignation under the Town of Hurley Personnel Policy. (True and correct copy of the August 5, 2015 letter

attached as exhibit D, True and correct copy of the Town of Hurley Personnel Policy attached as exhibit E).

11. In April 2016, after a successful surgical procedure for the permanent skullcap, Plaintiff applied for an open patrolman position with the Town of Hurley Police Department. An interview committee consisting of the Hurley Chief of Police, a member of the Hurley Town Council, and two Hurley employees interviewed Plaintiff. During the interview Plaintiff was asked about his recovery from the motorcycle accident and whether he anticipated needing further rehabilitation or surgeries if hired. Plaintiff was not hired for the position.

12. On April 30, 2016 Plaintiff's legal counsel sent a letter to the Hurley Police Department titled: Termination of Don White and resulting EEOC/ADA violations. The letter provided a brief timeline of Plaintiff's work history with the Hurley Police Department, alleged that the termination of Plaintiff was an ADA and EEOC violation, and explained how Plaintiff applied for a patrolman position in good faith after he was wrongfully terminated. The letter ultimately requested that Plaintiff be restored to his position of Lieutenant or receive compensation for the failure to restore Plaintiff's position to avoid litigation. Plaintiff was not hired or compensated. (True and correct copy of the April 30, 2016 letter is attached as exhibit F).

13. Plaintiff appropriately filed a charge with the Equal Employment Opportunity Commission (EEOC) on July 5, 2016 and received a Notice of Suite Rights from the EEOC on June 29, 2017.

## COUNT 1: FAILURE TO PROVIDE REASONABLE ACCOMODATION UNDER THE ADA

14. Plaintiff re-alleges Paragraphs 1-13 above as though fully set forth herein.

15. For the purposes of this claim Plaintiff is a qualified disabled individual under the Americans with Disabilities Act 42 U.S.C.A. § 12112.

16. At the time of termination Plaintiff was a qualified individual who could perform the essential functions of his job with a reasonable accommodation.

17. Under the ADA Defendant was required to provide reasonable accommodations for Plaintiff, which could include modifications to existing leave policies and providing leave when needed for a disability, unless Defendant could demonstrate that providing the reasonable accommodation would cause an undue hardship on their operation of business.

18. The EEOC published a document entitled Employer-Provided Leave and the Americans with Disabilities Act, which is intended to provide guidance to employer and employees regarding leave as a reasonable accommodation under Title 1 of the ADA. The document states that granting leave under existing employee policies is not the end of an employer's obligations under the ADA when additional leave is requested as a reasonable accommodation. The guidance further states that when an employee cannot grant additional leave under the existing employee policies that the employer must promptly engage in an "interactive process" with the employee to obtain relevant information to determine the feasibility of providing unpaid leave as a reasonable accommodation without causing an undue hardship. Employer-Provided Leave

5

and the Americans with Disabilities Act, EEOC.gov, *https://www.eeoc.gov/eeoc/publications/ada-leave.cfm* (last visited September 25, 2017).

19. As evidenced by the correspondence from Chief Ordonez to Plaintiff, Defendant granted the maximum leave to Plaintiff only under their existing employment policies.

20. When Plaintiff's legal counsel sent a letter to the Town of Hurley on August 3, 2015 requesting additional leave as a reasonable accommodation Chief Ordonez responded with letter on August 5, 2015, a mere two days later, stating that Plaintiff's inability to return to work is considered a voluntary resignation under Section 7.3 Leave Without Pay of the Town of Hurley Personal Policy.

21. Defendant failed to consider providing Plaintiff with additional leave without pay as a reasonable accommodation and failed to engage in an interactive process with Plaintiff to make any determination in regard to whether it would create an undue burden. Because Chief Ordonez responded to Plaintiff with a letter a letter stating "I will not grant or request anymore additional extensions for leave without pay" it is difficult to determine who was involved in the decision to terminate Plaintiff aside from Chief Ordonez; however, it is clear that Plaintiff's request for a reasonable accommodation was given no reasonable consideration by the Town of Hurley.

22. For the aforementioned reasons Plaintiff alleges that the Town of Hurley intentionally discriminated against him for an obvious disability they were aware of in fact by failing to engage in any type of compliance process to determine

whether a reasonable accommodation could be provided and whether it would cause an undue burden. For these reasons employee requests compensatory and punitive damages.

## COUNT 2: RETALIATION UNDER THE ADA

23. Plaintiff re-alleges Paragraphs 1-22 above as though fully set forth herein.

24. The American with Disabilities Act of 1990, § 503(a), 42 U.S.C.A. § 12203(a) prohibits an employer from retaliating against an employee for asserting their rights to be free from employment discrimination.

25. Plaintiff engaged in a protected activity and an employee by requesting leave as a reasonable accommodation.

26. Plaintiff suffered an adverse employment action when the Town of Hurley considered his request for a reasonable accommodation as a voluntary resignation thus terminating his employment.

27. Plaintiff's request for a reasonable accommodation was casually linked to the Town of Hurley's retaliatory behavior because Plaintiff was fired as a direct response to his request.

28. Plaintiff seeks compensatory and punitive damages for Defendant's retaliatory action of terminating his employment in response to a written request for additional unpaid leave as a reasonable accommodation.

## COUNT 3: AGE DISCRIMINATION UNDER THE ADEA

29. Plaintiff re-alleges Paragraphs 1-28 above as though fully set forth herein.

30. Under the Age Discrimination in Employment Act § 623, 29 U.S.C.A. employers are prohibited from engaging in age discrimination against people who are age 40 or older in any aspect of employment, including hiring, firing, pay, etc.

31. Plaintiff was born on September 30, 2017 and therefore a member of a protected age group, at the age of 48, when he applied for the position of patrolman with the Town of Hurley in April 2016.

32. Plaintiff was qualified for his position of patrolman considering his law enforcement experience and previous rank with the Hurley Police Department.

33. In an article dated August 16, 2016 in the Silver City Daily Press, Hurley Police Department Chief Michael Zamora stated that he served as interim chief after Chief Ordonez retired and discussed the recent hiring of 2 rookies for the Hurley Police Department. Chief Zamora stated "of course we're going to go with the younger generation" when explaining his reasoning behind hiring 2 young rookies. (A true and correct copy of the August 16, 2016 Silver City Daily Press article is attached as exhibit G).

34. An article dated December 17, 2016 in the Silver City Daily Press was printed with the headline "Hurley to lose 2 of 3 police officers." The article explained how Chief Zamora recently informed the Hurley Town Council at a meeting that the rookie patrolmen, identified as Justin Cano and Ray Lucero, had a year to pass their entrance exam to enroll in the Western New Mexico University (WNMU) Police Academy and both individuals failed. Zamora further explained to the council that both patrolmen were given another opportunity to take the test after

failing and neither showed up. (A true and correct copy of the Dec 17, 2016 Silver City Daily Press article is attached as exhibit H).

35. Plaintiff had a wealth of experience in law enforcement but was not hired for either patrolman position and instead the Town of Hurley hired two individuals under the age of 40 who had not gained acceptance to the WNMU Police Academy yet.

36. Considering Chief Zamora's commentary in the December 17, 2016 Silver City Daily Press article it is reasonable to conclude that the candidates under 40 years of age were given the position above Plaintiff because Plaintiff was nearing the age of 50 and Zamora was looking for candidates significantly younger.

37. Plaintiff alleges that the Town of Hurley intentionally discriminated against during the hiring process on the basis of age in violation of the ADEA and thus seeks compensatory and punitive damages.

### COUNT 4: DISABILITY DISCRIMINATION UNDER THE ADA

38. Plaintiff re-alleges Paragraphs 1-37 above as though fully set forth herein.

39. The Americans with Disabilities Act of 1990, § 102 (d)(2)(A), 42 U.S.C.A prohibits employers from asking job applicants medical questions about a disability or about the nature of an obvious disability before extending a job offer.

40. The Town of Hurley was aware of Plaintiff's disability when they granted him an interview in April of 2016 for the Hurley Police Department patrolman position because the pending permanent skullcap surgery was what led to Plaintiff's termination less than a year before.

9

41. During the interview Plaintiff was asked about his recovery from the motorcycle accident, whether he would require further rehabilitation if hired, and whether he would require more surgeries if hired.

42. Plaintiff was qualified for the position with or without a reasonable accommodation at the time of the interview because he recently underwent a successful surgical procedure for the permanent skullcap.

43. Plaintiff suffered an adverse employment decision of not being hired because Defendant was concerned that Plaintiff would require more rehabilitation and surgeries which would which translated to potential reasonable accommodations the Town of Hurley was not willing to consider.

44. The position remained opened and was fulfilled by two younger individuals who were not as qualified as Plaintiff but did not suffer from any disabilities.

45. Plaintiff alleges that the Town of Hurley intentionally discriminated against him during the job interview, and subsequently not offering a job, by asking medical questions about an obvious disability they had knowledge of because of previous dealings with plaintiff. Making medical inquiries during the interview process before a job offer has been made is a direct violation of the ADA and thus Plaintiff seeks compensatory and punitive damages.

WHEREFORE Plaintiff requests that the Court grant all relief requested and any other relief as the Court deems proper.

**RESPECTFULLY SUBMITTED,**

/s/ **Jim Foy**
**Jim Foy**
**Attorney for Plaintiff Don White**
**Silver City, NM 88062**

575-538-9835
fax: 575-538-9840