IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DON WHITE,

    Plaintiff,

vs.                                 No. CV 17-00983 JB/KRS

TOWN OF HURLEY,

    Defendant.

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO *DAUBERT* MOTION TO EXCLUDE THE TESTIMONY AND OPINIONS OF BRIAN H. KLEINER AND MEMORANDUM IN SUPPORT THEREOF**

**COMES NOW** Defendant Town of Hurley, by and through its attorneys of record, Jarmie and Associates, and files its Reply to plaintiff's Response (Doc. No. 39) to the Town's Motion (Doc. No. 34) to exclude the opinions, report, and testimony of plaintiff's designated expert Dr. Brian H. Kleiner. For its Reply, the Town states as follows:

    A.    Plaintiff Has Failed to Meet his Burden as Proponent of Dr. Kleiner's Opinions

The proponent of expert testimony bears the burden of showing, by a preponderance of the evidence, that its proffered expert's testimony is admissible. *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 970 n.4 (10th Cir. 2001); *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009) (en banc); *see also Morales v. E.D. Etnyre & Co.*, 382 F.Supp.2d 1252, 1266 (D.N.M. 2005) (Browning, J.) (citing *Bourjaily v. United States*, 483 U.S. 171, 175 (1987)). The proponent's burden of establishing admissibility of expert testimony arises from the offering of the expert for trial; it is not triggered by a Court's directive. *Nacchio*, 555 F.3d at 1251 (citing FED. R. EVID. 702 advisory committee's note (2000) ("the admissibility of all expert testimony is governed by the principles of [FED. R. EVID.] 104(a). Under that Rule, the

proponent has the burden of establishing that the pertinent admissibility requirements are met by a preponderance of the evidence")). Under ordinary motion practice, the plaintiff must address all issues raised by the Town's *Daubert* motion, or else face the real possibility that plaintiff's proffered expert will be excluded from trial. *See Nacchio*, 555 F.3d at 1251-52 (citing *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146-47 (1997) (finding no abuse of discretion in district court's exclusion of expert testimony when the proponent's response was nonresponsive to the critique of the opponent)).

In response to the Town of Hurley's detailed *Daubert* Motion which 1) illustrated that Brian Kleiner's "opinions" in this matter are in actuality improper legal conclusions, 2) showed that Dr. Kleiner's methodology underlying his opinions is unsound, and 3) exhaustively listed the various other cases in which Dr. Kleiner made similar improper opinions, plaintiff has offered little more than generalities regarding the gatekeeper function of District Courts. Plaintiff has not offered specifics showing that, by a preponderance of the evidence, Dr. Kleiner's opinions in this case are the product of a sound methodology or are otherwise proper opinions that would aid the trier of fact. As shown in the Town's Motion and as further discussed herein, Dr. Kleiner's methodology and opinions in this case are not reliable under the *Daubert* standard of admissibility. As such, Dr. Kleiner must be precluded from offering any opinions or testimony in this case.

    B.    <u>Brian Kleiner's Methodology is Not Reliable Under the *Daubert* Standard</u>

"Since the Supreme Court of the United States decided *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), trial courts have had the responsibility to make certain that proffered experts will assist the jury in understanding

the evidence and in determining the factual issues it must decide." *United States v. Gutierrez-Castro*, 805 F.Supp.2d 1218, 1224 (D.N.M. 2011) (Browning, J.). "The Court now must not only decide whether the expert is qualified to testify, but, under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, whether the opinion testimony is the product of a reliable methodology." *Gutierrez-Castro*, 805 F.Supp.2d at 1224. "*Daubert*…requires a court to scrutinize the proffered expert's reasoning to determine if that reasoning is sound." *Gutierrez-Castro*, 805 F.Supp.2d at 1224. Fulfilling the *Daubert* gatekeeper duty requires the judge to assess the reasoning and methodology underlying the expert's opinion and determine whether it is both valid and applicable to a particular set of facts. *See Goebel v. Denver & Rio Grande W. R.R. Co.*, 346 F.3d 987, 991 (10th Cir. 2003); *see also Daubert*, 509 U.S. at 592-93.

To be reliable, an expert's proffered testimony must have "a reliable basis in the knowledge and experience of his discipline." *Daubert*, 509 U.S. at 592. In making that determination, this Court must decide "whether the reasoning or methodology underlying the testimony is scientifically valid and...whether that reasoning or methodology properly can be applied to the facts in issue." *Id.* at 592-93. An expert's opinion must be based on scientific knowledge, which implies a grounding in the methods and procedures of science based on actual knowledge, not mere subjective belief or unsupported speculation. *Goebel*, 346 F.3d at 991. District Courts applying *Daubert* have broad discretion to consider a variety of factors in deciding whether to admit or preclude expert testimony. *See*, *e.g.*, *Hollander v. Sandoz Pharm. Corp.*, 289 F.3d 1193, 1205 (10th Cir. 2002).

In the present case, there are several problems with the reliability of Brian Kleiner's proposed opinions and testimony. First, plaintiff has failed to demonstrate that Kleiner's opinions

3

are the product of reliable principles and methods, reliably applied in this case. *See Parton v. United Parcel Serv.*, 2005 WL 5974445, *5 (N.D. Ga. Aug. 2, 2005) (unpublished) (finding purported HR expert's testimony to be unreliable because he "relie[d] on the mere fact of his experience with respect to human resources matters to support this conclusion—in essence, he request[ed] the Court to take his word for it. This subjective, conclusory approach cannot reasonably be assessed for reliability and is plainly insufficient under *Daubert*"). Kleiner read the documents provided to him by plaintiff's counsel, cherry-picked those "facts he deem[ed] relevant to form his opinions," *see* Doc. No. 39, *supra*, p.3, copied-and-pasted excerpts from EEOC guidance materials, and then stated his conclusions. "There is no reliable expert methodology inherent in merely reciting the content of aspirational EEOC guidance documents, without explaining their practical import." *Arjangrad v. JPMorgan Chase Bank, N.A.*, 2012 WL 1890372, *5 (D. Or. May 23, 2012) (unpublished). Plaintiff conclusorily offers Dr. Kleiner's own statement that "content analysis…is a universally recognized scientific method," Doc. No. 39, *supra*, p.6, i.e. plaintiff suggests that this Court should simply take Dr. Kleiner's word for it. This is improper: an "expert's assurance that the methodology and supporting data is reliable will not suffice." *Mitchell v. Gencorp Inc.*, 165 F.3d 778, 781 (10th Cir. 1999) (citing *Moore v. Ashland Chem., Inc.*, 151 F.3d 269, 276 (5th Cir.1998) (en banc)).

Under *Daubert*, "any step that renders the analysis unreliable...renders the expert's testimony inadmissible. This is true whether the step completely changes a reliable methodology or merely misapplies that methodology." *Mitchell*, 165 F.3d at 782 (quoting *In re Paoli R.R. Yard PCB Litigation*, 35 F.3d 717, 745 (3d Cir. 1994)). The analytical gaps in Dr. Kleiner's opinions are too broad for his testimony to endure under the strictures of *Daubert* and Rule 702.

*Mitchell*, 165 F.3d at 783. Plaintiff has not met his burden of showing, by a preponderance of the evidence, that Dr. Kleiner's methodology is reliable. As such, the Town's *Daubert* Motion must be granted and Dr. Kleiner's opinions and testimony must not be admitted or considered.

    C.    <u>Brian Kleiner's Opinions are Legal Conclusions and are Thus Not Reliable Under the *Daubert* Standard</u>

Even though experience alone may qualify a witness as an expert, the witness still must explain how his experience is sufficient to lead to a conclusion based on the facts of the case. *United States v. Fredette*, 315 F.3d 1235, 1240 (10th Cir. 2003). An expert who "possesses knowledge as to a general field" but "lacks specific knowledge does not necessarily assist the jury." *City of Hobbs v. Hartford Fire Ins. Co.*, 162 F.3d 576, 587 (10th Cir. 1998). Proposed expert testimony must therefore "fall within the reasonable confines of [the witness's] expertise." *Conroy v. Vilsack*, 707 F.3d 1163, 1169 (10th Cir. 2013). Of course, "an expert's conclusions are not immune from scrutiny: 'A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered.'" *Goebel*, *supra*, 346 F.3d at 992 (quoting *Gen. Elec. Co. v. Joiner*, *supra*, 522 U.S. at 146); *see also Armeanu v. Bridgestone/Firestone N. Am., Tire, LLC*, No. CIV 05-0619, 2006 WL 4060665, *11 (D.N.M. Sept. 26, 2006) (Browning, J.). "[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence which is connected to existing data only by the *ipse dixit* of the expert." *Joiner*, *supra*, 522 U.S. at 146. Witnesses relying solely or primarily on experience must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts. *See United States v. Medina-Copete*, 757 F.3d 1092, 1104 (10th Cir. 2014).

In the present case, Brian Kleiner may be qualified to discuss human resources issues in

5

general. However, while an expert opinion may permissibly embrace the ultimate issue in a given case under FED. R. CIV. P. 704(a), the expert cannot state a legal conclusion by applying the law to the facts. *See*, *e.g.*, *Okland Oil Co. v. Conoco, Inc.*, 144 F.3d 1308, 1328 (10th Cir. 1998); *Abraham v. WPX Prod. Prods., LLC*, 184 F.Supp.3d 1150, 1191 (D.N.M. 2016) (Browning, J.). That is precisely what Dr. Kleiner has done in the present case: his opinions merely parrot plaintiff's allegations and deposition testimony that he was subjected to discrimination. As such, his opinions are unreliable. *See Senese v. Liberty Mut. Ins. Co.*, 661 F. App'x 771, 775 (3d Cir. Sep. 30, 2016) (unpublished) ("the District Court reached a reasoned judgment that [expert's] proposed testimony was not reliable where it was replete with legal conclusions that parroted [plaintiff's] deposition testimony without any independent basis"); *see also Marting v. Crawford & Co.*, 2004 WL 305724, *3 (N.D. Ill. Jan. 9, 2004) (unpublished); *Robbin v. City of Santa Fe*, 2013 WL 12146533, *4 (D.N.M. Jan. 23, 2013) (unpublished).

Plaintiff takes issue with the Town's reliance on a series of cases standing for the black-letter proposition that a witness cannot render a legal conclusion masquerading as an expert opinion under *Daubert* and Rule 702. *See generally* Doc. No. 39, pp.4-5. Regardless of the factual context in which the Town's various cases arose, plaintiff has failed to show that his purported expert witness is allowed—consistent with *Daubert*—to render the types of opinions found in his expert report (Doc. No. 34-1). Plaintiff suggests, without authority, that prior similar cases in which Dr. Kleiner's opinions and testimony were excluded are "irrelevant." Doc. No. 39, p.7. As noted above, this Court has broad discretion to consider a variety of factors in deciding whether to admit or preclude Dr. Kleiner's testimony. *Hollander*, *supra*, 289 F.3d at 1205. It is extraordinarily relevant that Dr. Kleiner's opinions and testimony have been excluded

or limited in prior federal cases, particularly in cases such as *Wagner v. ABW Legacy Corp, Inc.*, 2016 WL 880371 (D. Ariz. Mar. 8, 2016) (unpublished), where Dr. Kleiner purported to opine (similar to the present case) that the Defendant's "return to work" practices were inconsistent with EEOC standards, and *English v. Estes Express Lines*, 2018 WL 1136058 (C.D. Cal. Feb. 15, 2018) (unpublished), where Dr. Kleiner purported to opine that the plaintiff's termination "was inconsistent with appropriate human resource management." *See* Doc. No. 34, *supra*, pp.12-19.

Plaintiff also claims that "there are factual disputes…which include [whether] Plaintiff's request for accommodation was reasonable, whether Plaintiff made a request for a reasonable accommodation, and whether Defendant failed to engage in an interactive process." Doc. No. 39, pp.3-4. However, as noted in the Town's Reply in support of its *Omnibus Motion for Summary Judgment* (filed contemporaneously herewith), there are no genuine issues of material fact in this case. Plaintiff has failed to controvert the Town's Undisputed Material Facts, and those "facts" that plaintiff purported to set forth in his summary judgment response are themselves improper legal conclusions. Strikingly, plaintiff himself admits that "[a] legal conclusion would be the proposition that [the Town] violated the Americans with Disabilities Act," that whether or not plaintiff "is disabled under the ADA" is a legal conclusion, and that whether or not plaintiff's "request for accommodation was in fact reasonable under the ADA" is a legal conclusion. Doc. No. 39, p.5. Neither plaintiff nor his expert can rely on their legal conclusions in this case.

As plaintiff also admits, Dr. Kleiner "is of the ultimate opinion that '[the Town's] treatment of [plaintiff] was not done in a manner consistent with standards established by the U.S. Equal Employment Opportunity Commission.'" Doc. No. 39, *supra*, p.3; *see also id.* p.4 (Dr. Kleiner's opinion in this case is that the Town of Hurley "did not treat [plaintiff] in a

manner consistent with standards established by the EEOC"); p.6 ("Dr. Kleiner says Hurley's methodology was not done in a manner consistent with standards of the U.S. Equal Employment Opportunity Commission"); p.7 (former Hurley Police Chief Pete Ordonez's "investigation and ultimate decision did not follow standards established by the EEOC"). These are indeed legal conclusions, particularly since the standards established by the EEOC are themselves merely that agency's interpretation of the Americans with Disabilities Act. *See Connearney v. Main Line Hosps., Inc.*, 2016 WL 6569292, *6 (E.D. Pa. Nov. 4, 2016) (unpublished) (expert's opinions that, *inter alia*, "[t]ermination of those who are protected by any of the qualifications of EEOC without appropriate investigation and documentation of events would be illegal under the protection of the law" were "impermissible legal conclusions"); *see also* Doc. No. 34, *supra*, pp.9-11; *Orner v. Nat'l Beef Packaging Co., LLC*, 2015 WL 8334544, *9 (M.D. Pa. Dec. 9, 2015) (unpublished) (expert cannot testify as to "the particular legal duties that the ADA imposes upon employers, or...whether [Defendant] complied with those duties"). In sum, the entirety of Brian Kleiner's expert opinions in this case amount to nothing more than improper legal conclusions—Dr. Kleiner's opinions and testimony must be excluded and disregarded.

D. <u>Brian Kleiner's Written Expert Report Constitutes Inadmissible Hearsay</u>

Finally, contrary to what is suggested in plaintiff's Response, Dr. Kleiner's written expert report is indeed inadmissible hearsay and must be excluded from this case. *See*, *e.g.*, *Skyline Potato Co. v. Hi–Land Potato Co.*, No. CIV 10–0698 JB/RHS, 2013 WL 311846, *10 (D.N.M. Jan. 18, 2013) (Browning, J.) (stating that the Court's common practice is to exclude expert reports, because they constitute inadmissible hearsay); *see also id.* at *15 (excluding an expert's report because it was "a written document that [the expert] prepared outside of the court and

contains [the expert's] statement" which defendant offered for the truth of the matter asserted; *United States v. Mirabal*, No. CR 09–3207 JB, 2010 WL 3834072, *4 (D.N.M. Aug. 7, 2010) (Browning, J.); *Arkansas River Power Auth. v. Babcock & Wilcox Power Co.*, 2016 WL 9734937, *2 (D. Colo. Oct. 28, 2016) (unpublished) ([t]his Court agrees that expert reports constitute hearsay pursuant to Federal Rule of Evidence 801(c)"); *Prudential Ins. Co. of Am. v. Textron Aviation, Inc.*, 2018 WL 1992423, *17 (D. Kan. Apr. 27, 2018) (unpublished). Plaintiff has offered no hearsay exception that would make Dr. Kleiner's report admissible. The report must be excluded from this matter as inadmissible hearsay.

**WHEREFORE**, The Town of Hurley respectfully requests that this honorable Court exclude and not consider the opinions, testimony, and expert report of Brian Kleiner in this matter, or in the alternative, that the Court set this matter for a *Daubert* hearing to determine whether or not Dr. Kleiner should be allowed to testify on any subject, and for such other relief as this Court believes just and appropriate.

                                      Respectfully submitted,

                                      /s/ Mark D. Standridge
                                      Mark D. Standridge
                                      Jarmie & Associates
                                      P.O. Box 344
                                      Las Cruces, NM 88004
                                      (575) 526-3338
                                      Fax: (575) 526-6791
                                      mstandridge@jarmielaw.com
                                      *Attorneys for Town of Hurley*

I hereby certify that I filed the foregoing with this Court's CM/ECF filing system, causing a true and correct copy to be served electronically on all counsel of record on this 26th day of October, 2018, as reflected more fully in the Notice of Electronic Filing.

/s/ Mark D. Standridge
Mark D. Standridge
Jarmie & Associates